UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL MANN,

                        Plaintiff,

            -against-

CURTIS "50 CENT:" JACKSON, et al.,

                        Defendants.

1:24-CV-9164 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Cyrus Casby, also known as "Original Mann" and "Original Juice Mann," who is currently incarcerated, filed this action *pro se*. Because he has not paid the fees to bring this action, the Court understands that he seeks to proceed *in forma pauperis* ("IFP") with respect to this action. In an order dated December 19, 2025, entered on December 29, 2025, and mailed to Plaintiff on December 30, 2025, the Court: (1) noted that, while he has been a prisoner, Plaintiff has filed three or more federal civil actions or appeals that were dismissed as malicious, frivolous, or for failure to state a claim on which relief may be granted; and (2) directed Plaintiff to show cause, within 30 days, why he is not barred, under 28 U.S.C. § 1915(g), from proceeding with this civil action IFP or why this action satisfies the requirements for the exception to the Section 1915(g) filing bar. (ECF 3.) The Court warned Plaintiff that, if he did not show cause, or if he failed to respond to that order, the Court would recognize him as barred under Section 1915(g), deny him IFP status, and dismiss this action without prejudice. (*Id.*) Plaintiff has not responded to that order.

Accordingly, the Court recognizes Plaintiff as barred under Section 1915(g), denies him IFP status, and dismisses this action without prejudice.

**CONCLUSION**

The Court finds that, while Plaintiff has been a prisoner, he has filed three or more federal civil actions or appeals that are regarded as "strikes" under 28 U.S.C. §1915(g) because they were dismissed as malicious, frivolous, or for failure to state a claim on which relief may be granted. Because Plaintiff has not shown cause why he is not subject to the Section 1915(g) filing bar, the Court recognizes him as barred, under Section 1915(g), from filing federal civil actions while he is a prisoner unless he is under imminent danger of serious physical injury.

Accordingly, and because Plaintiff has not shown cause why this action satisfies the requirements for the exception to the Section 1915(g) filing bar, the Court denies Plaintiff IFP status and dismisses this action without prejudice, pursuant to the Section 1915(g) filing bar.[1] *See* 28 U.S.C. § 1915(g).

The Court warns Plaintiff that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See* *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] Plaintiff may commence a new federal civil action as a prisoner by paying the relevant fees. If Plaintiff does so, and, if appropriate, his complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss any federal civil action filed by a prisoner that seeks redress against a governmental entity or a government officer or employee if that action: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

2

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated:    February 26, 2026
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge